**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-3382-REB-MEH

JAMES HOULNE, et al.,

    Plaintiffs,

v.

MELISSA EVERTS, et al.,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the **Defendant Probation Officers' Rule 12(b)(1) Motion To Dismiss on Younger Abstention Grounds** [#11][1] filed January 8, 2015. The plaintiffs filed a response [#21], and the defendants filed a reply [#22]. I grant the motion.

## I. JURISDICTION

I have putative jurisdiction under 28 U.S.C. § 1331 (federal question).

## II. BACKGROUND

Plaintiffs, James Houlne, Rolf Kleeberg, Anton Virgil, and Timothy DeFoe, are convicted sex offenders currently on probation under sentences imposed by Colorado state courts (Probationer Defendants). Their co-plaintiffs are wives, children, and grandchildren of the Probationer Defendants (Family Member Plaintiffs). The probation

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

officers assigned to the cases of the Probationer Defendants are enforcing a policy that no sex offender in offense specific treatment may have contact with any minor, even their own family members. Allegedly, this policy is a policy of the Colorado Sex Offender Management Board (SOMB). The plaintiffs allege this requirement is imposed on them regardless of the age and gender of the victims in their criminal cases and regardless of whether there is any evidence that the particular offender poses an identifiable risk of harm to their children and grandchildren.

As described by counsel for the plaintiffs, the basis for the complaint in this case is that the SOMB policy concerning contact with children violates the constitutional right under the First and Fourteenth Amendments to familial association of each of the plaintiffs. According to the plaintiffs, the SOMB policy unconstitutionally places the burden of proof on the sex offenders to prove that they pose no possible risk to their children and grandchildren. Instead, the plaintiffs contend, binding precedent from the United States Court of Appeals for the Tenth Circuit requires that the defendant probation officers bear the burden of producing compelling evidence that supports restrictions on the ability of the Probationer Plaintiffs to have contact with their own children and grandchildren.

### III. STANDARD OF REVIEW

The motion to dismiss implicates Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack questions the sufficiency of the complaint, requiring the court to accept all allegations within the complaint as true. ***Id***. A factual attack goes beyond the allegations in the complaint to challenge the facts that are the basis of

subject matter jurisdiction. *Id*. at 1003. When addressing a factual attack on subject matter jurisdiction, the court will not presume the allegations in the complaint to be true and, instead, may exercise its discretion to go outside of the pleadings to resolve the dispute. *Id*.

The defendants contend this court must abstain for exercising jurisdiction in this case under the doctrine established in *Younger v. Harris*, 401 U.S. 37, 46 (1971). "*Younger* abstention is jurisdictional." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). When a court determines that *Younger* abstention is warranted, the proper remedy is to dismiss the case. *Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996). Because determination of this issue requires consideration of facts not recited in the complaint, I treat the motion as presenting a factual attack.

## IV. *YOUNGER* ABSTENTION

"(F)ederal courts have a virtually unflagging obligation to exercise their jurisdiction, except in those extraordinary circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988) (internal quotations omitted). "(E)ven in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the exception, not the rule." *Sprint Communications v. Jacobs*, ___ U.S.___, ___ 134 S.Ct. 584, 593 (2013). When *Younger* abstention is applicable, federal courts are prohibited from entering orders staying or enjoining pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 41 (1971).

In *Sprint*, the Supreme Court of the United States summarized the three types of proceedings in which a federal court should refuse to exercise jurisdiction to decide a case in deference to a parallel state proceeding. First, federal courts abstain from

3

intruding into ongoing state criminal prosecutions. *Id*. at ___, 134 S.Ct. at 591.  Second, certain state civil enforcement proceedings warrant federal court abstention. *Id*.  Specifically, civil enforcement proceedings with a "quasi-criminal" criminal nature warrant federal court abstention. *Id*. at ___, 134 S.Ct. at 593.  Third, abstention is warranted when federal court action would interfere with pending state civil proceedings involving orders uniquely in furtherance of the ability of state courts to perform their judicial functions. *Id*. at ___, 134 S.Ct. at 591.  In succinct summary, "A federal court must abstain from exercising jurisdiction when (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  **Amanatullah v. Colorado Bd. of Medical Examiners**, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation and internal quotation omitted).  Each of these three factors is satisfied here, constraining this court to abstain from exercising jurisdiction in this case.

First, the state courts which sentenced each of the Probationer Plaintiffs retain jurisdiction over the criminal sentences of the probationers until those sentences are completed.  §§16-11-206, 16-11-209(1), C.R.S.  In the present case, the Probationer Plaintiffs challenge an aspect of their sentence to probation.  The probation of these plaintiffs is precisely the topic over which the state courts retain jurisdiction and about which a criminal proceeding is ongoing in the case of each of the Probationer Plaintiffs.

Second, the plaintiffs may raise in the state court proceeding their claim that the terms of their probation violate their constitutional right to familial association.  Under Colo. R. Crim. P. 35(c)(2)(I), "every person convicted of a crime is entitled as a matter of

4

right to make application for postconviction review" and may raise in such a motion a claim that their "sentence [was] imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state." In addition, for good cause shown, the sentencing court may alter the conditions of probation or impose new conditions. §18-1.3-204(4)(a), C.R.S. Undoubtedly, if a defendant shows that a condition of probation violates the U.S. Constitution, that showing would constitute good cause to modify or remove that condition. The state courts provide an adequate forum in which the Probationer Plaintiffs may raise and have heard the constitutional issue they assert in this case.

The plaintiffs contend the state courts do not provide an adequate forum to raise the constitutional issue in question. This is true, the plaintiffs assert, because the Colorado state courts do not have the power to order the SOMB to modify its policies and standards, including the policy at issue here. If a state court altered the conditions of probation of a Probationer Plaintiff and permitted that plaintiff to have contact with his children or grandchildren, the plaintiffs assert, then the sex offender treatment provider would terminate sex offender treatment. This would occur, the plaintiffs contend, because such contact with children would violate SOMB standards and treatment providers are required to follow SOMB standards. In turn, termination of sex offender treatment is a violation of probation.

The Colorado state courts have the jurisdiction to control the conditions of probation, including those conditions affected by SOMB standards. The SOMB is a creature of the government of the state of Colorado. As outlined by the defendants, there are means by which a variance from SOMB guidelines can be obtained. *Reply* [#22], p. 3 - 4. Further, if a SOMB policy, a policy of the state of Colorado, is

5

unconstitutional, the Colorado courts have the power to make such a declaration and to fashion a condign remedy.

Third, the state court criminal proceedings undoubtedly involve important state interests, matters which traditionally look to state law for their resolution and which implicate separately articulated state policies. The *Younger* case itself involved an effort in federal court to stop a state criminal prosecution under a state statute which, allegedly, was facially unconstitutional. *Younger v. Harris*, 401 U.S. 37, 38 - 39 (1971). The *Younger* court held that "(t)he possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it" in state court. Almost always, state court criminal proceedings involve important state interests traditionally resolved under state law by applying articulated state policies. The determination of the conditions of probation of the Probationer Plaintiffs certainly falls within this description.

The defendants note that some of the plaintiffs – the Family Member Plaintiffs – are not parties in the underlying state court criminal proceedings. The Family Member Plaintiffs have a constitutional right to familial association which they claim is impaired impermissibly by the conditions of probation of the Probationer Plaintiffs. However, the Family Member Plaintiffs may not seek relief in the underlying state court criminal proceedings. Viewed in isolation, the Family Member Plaintiffs are not involved in an ongoing state criminal proceeding, and, thus, they may not raise their claims in the state criminal proceeding. On the surface, it appears *Younger* abstention may not be applicable to the Family Member Plaintiffs.

However, when the interests of a plaintiff who is not a party in an underlying state proceeding are inextricably intertwined with the interests of a party to the underlying

6

state proceedings, *Younger* abstention is applicable if federal declaratory or injunctive relief would interfere with the underlying state proceedings.

*Hicks v. Miranda*, 422 U.S. 332, 348 - 349 (1975). In the present case, injunctive relief in favor of the Family Member Defendants *per force* would have a direct effect on the state court proceedings because such relief would require action by the state courts which have jurisdiction over the probationary sentences of the Probationer Plaintiffs. The interests of the Family Member Plaintiffs and the Probationer Plaintiffs are inextricably intertwined. Any declaratory or injunctive relief ordered by this court would interfere with the underlying criminal proceedings in state court. Thus, *Younger* abstention is applicable to the claim of the Family Member Plaintiffs.

## V.  CONCLUSION & ORDERS

This federal court must abstain from exercising jurisdiction in this case under the jurisdictional doctrine established in *Younger v. Harris*, 401 U.S. 37, 46 (1971). Because "*Younger* abstention is jurisdictional," *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), this court lacks jurisdiction over the constitutional claims of the plaintiffs in this case. Under Fed. R. Civ. P. 12(b)(1), this case must be dismissed.

Some of the defendants, members of the Colorado Sex Offender Management Board, have never been served. *Younger* abstention is required to the extent the plaintiffs assert their claims against members of the SOMB. Rather than engage in the prodigal exercise of requiring service on the SOMB defendants and then dismissing this case as to the SOMB defendants, I dismiss this case as to the SOMB defendants for lack of jurisdiction.

**THEREFORE, IT IS ORDERED** as follows:

1. That under Fed. R. Civ. P. 12(b)(1), the **Defendant Probation Officers' Rule 12(b)(1) Motion To Dismiss on Younger Abstention Grounds** [#11] filed January 8, 2015, is granted;

2. That this case is dismissed for lack of jurisdiction;

3. That all other pending motions, including those docketed as [#3 & #12] are denied for lack of jurisdiction;

4. That judgment shall enter in favor of the defendants and against the plaintiffs;

5. That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That this case is closed.

Dated September 16, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge